Chicago and Rock Island Railroad Co. *v.* Whipple.

---

THE CHICAGO AND ROCK ISLAND RAILROAD COMPANY, Appellant, *v.* WARREN W. WHIPPLE, Appellee.

### APPEAL FROM PEORIA.

A writ of *certiorari* to a justice of the peace, is distinct and seperate from an appeal; and if the writ of *certiorari* should be dismissed in the Circuit Court, an appeal or writ of error should be prosecuted to reform that judgment. On the hearing in the Supreme Court to revise the judgment of the justice on appeal, the judgment on the *certiorari* cannot be examined.

A justice of the peace has jurisdiction to render a judgment upon the judgment of another, where the amount is less than a hundred dollars.

A judgment in debt by a justice of the peace, for a gross amount of debt and damages, will not for that reason be reversed.

THIS suit was commenced before a justice of the peace in LaSalle county, on the 19th day of September, A. D. 1854. The summons was served by leaving a copy with George H. Buck, and designating him as agent of the defendant. The parties appeared.

The plaintiff claimed to recover the amount of a judgment, which had previously been rendered in favor of the plaintiff against the defendant, by N. Duncan, a justice of the peace of said county, on the 12th November, 1853.

The justice gave judgment for the plaintiff against the defendant for $71.20 and costs, on the 30th September, 1854.

Defendant appealed to the Circuit Court of La Salle county, from which a change of venue was taken to Peoria county.

Upon the trial of the appeal in the Circuit Court of Peoria county, the plaintiff, as shown by the bill of exceptions, gave in evidence the transcript of the judgment rendered by N. Duncan, J. P., on the 12th November, 1853.

He next offered in evidence the following petition for a *certiorari:*

STATE OF ILLINOIS, ⎱ Circuit Court thereof to November term, A. D. 1854.
LA SALLE COUNTY. ⎰

To the Hon. Edwin S. Leland, Judge of the 9th Judicial Circuit.

Your petitioner, the Chicago and Rock Island Railroad Company, respectfully represents, etc.

The petition then states, in substance, that the company was duly incorporated under an act of the 27th February, 1857, and an act of February 7, 1851, and were constructing their road by contracts from Rock Island to Chicago, in 1853.

On the 4th November, 1853, Warren W. Whipple sued the defendant before N. Duncan, a justice of the peace of LaSalle county; the summons being dated on that day and returnable on the 12th November, 1853, which was served on the 7th of November, 1853, " by leaving a true copy of the same with George H. Buck, an agent of said company, the president of said company not residing in the county."

The claim before the justice was for cattle, which plaintiff there claimed had been killed by a locomotive running on said road. The justice gave judgment for plaintiff for $71.20 damages and costs.

Defendants did not appear before the justice. That there was no proof before the justice that defendants were running said road, and in fact they were not; but the same was then being run by Farnham & Sheffield, contractors for building said road, on their own account and for their own benefit.

That the justice erred in rendering judgment, and was wholly without jurisdiction of the subject matter.

That petitioners had no knowledge of said judgment until more than six months after the same was rendered.

That Buck was never at any time their agent, and service on him was no notice to them; and the first notice they had of said

judgment was by service of summons on them, in a suit brought on said judgment.

Petition alleges that justice's proceedings are illegal and erroneous, and prays for a common law writ of *certiorari*, etc.

Petition is verified by affidavit.

On the same day defendants filed their bond in the Circuit Court clerk's office, conditioned according to law, to prosecute their appeal, and to pay the judgment, etc., if the justice's judgment should be affirmed.

On the 27th December, 1854, writ of *certiorari* issued to the justice, returnable forthwith, who returned the transcript of the judgment and proceedings before him, as hereinbefore stated and set forth, rendered on the 12th November, 1853.

On the 6th day of March, A. D. 1857, in the Peoria county Circuit Court, (the venue in the case having been previously changed to said county,) the said Warren W. Whipple, by his counsel, entered a motion to dismiss the *certiorari* in said case for the following reasons:

1st.    Because no common law writ of *certiorari* lies in such case.

2nd.    Because the facts on the face of the petition do not authorize the issuing of any such writ.

3rd.    Because the transcript and papers show that the justice decided correctly.

4th.    The return does not show that the justice committed any error in law.

5th.    The justice had jurisdiction, and did not proceed erroneously.

On the 7th December, 1857, this motion came on to be heard, and was argued by counsel for both parties.    The court sustained the motion, dismissed the writ of *certiorari*, and ordered a writ of *procedendo* to the justice of the peace.

The court gave judgment for the plaintiff for $93.09, damages and costs of suit.    The defendant insisting and setting up, that the judgment of the court dismissing the writ of *certiorari* and ordering a *procedendo* in said suit of the Rock Island Railroad Company against the plaintiff, constituted a bar to a recovery in this suit, brought to recover a judgment upon the judgment of 12th November, 1853, aforesaid.

From this judgment the defendant appealed to this court.

The errors assigned are:

1.    In rendering judgment in favor of the plaintiff, the evidence showing that he was not entitled to recover.

2.    In rendering judgment against the defendant in damages, the evidence and record showing that the judgment (if any)

should have been in debt for the amount of the judgment and costs sued for, and damages for interest only.

3. Judgment ought to have been rendered in favor of the defendants.

4. Because the defendants, in the original suit, or judgment rendered November 12th, 1853, were not legally served with process, and said justice had no jurisdiction in the case.

N. H. PURPLE, for Appellant.

D. L. HOUGH, for Appellee.

WALKER, J. This was an action originally brought before one Putnam, a justice of the peace of LaSalle county, on a judgment previously recovered before one Duncan, also a justice of the peace, of the same county. On the trial, the justice rendered judgment against appellants and they removed the cause to LaSalle Circuit Court by appeal; which was afterwards sent to the Peoria Circuit by a change of venue. While the appeal was pending in the LaSalle Circuit Court, a writ of ceritorari was awarded on the petition of appellants to Duncan, to send up a transcript of the proceedings and judgment before him, and upon which this suit had been instituted. The return was made to the writ, and the proceeding on the writ of certiorari likewise went by change of venue, to the Peoria Circuit Court, and was on the motion of appellee dismissed by that court. And afterwards this cause was tried by the court, by consent of the parties without the intervention of a jury, and resulted in a judgment in favor of the appellee, for $93.09; to reverse which, appellants bring the cause to this court.

The proceeding by writ of certiorari, was separate and distinct from the appeal, in this case. When the court dismissed it, the appellants, if disatisfied with that judgment, should have prosecuted an appeal or writ of error to this court, if they desired to have that judgment reviewed. On the trial of this cause, we have no power to determine, whether the judgment in that cause was erroneous or not. The record in that case is not now before us for trial, it is only properly before us as evidence in this case, and it is collateral to this proceeding.

The appellee on the trial of this cause in the court below, introduced in evidence, the transcript of the judgment recovered by appellee against appellant in the case before Duncan, and the petition, writ and transcript, returned by him in that proceeding. That transcript showed, that there had been a sufficient service of process upon the appellants, to give the justice jurisdiction over the person, and there can be no question, that the

justice of the peace had jurisdiction to try a cause and render judgment, on a recovery in another justice's court. Upon such a judgment debt may be maintained, and being less than one hundred dollars, he had jurisdiction of the amount. That transcript showed a recovery of a judgment which appeared to be in full force, and unless it appeared on its face to be void, for want of jurisdiction, either of the person or subject matter, the court could not disregard it, nor could it be attacked in such a collateral proceeding, to show that it was erroneous. That could only be done by a direct proceeding. The evidence we think justified the finding of the court below.

It is also urged that the Circuit Court erred in rendering judgment for a gross sum, it being an action of debt. While it is clearly necessary in all actions of debt originating in the Circuit Court, that the debt and damages should be separately found, and that the judgment should specify each separately, and while it is error to render a judgment in such a cause for the gross amount of debt and damages, still in actions originating before justices of the peace, and tried in the Circuit Court on appeal, the same strictness is not required. And a judgment in such a case, for the gross amount of debt and damages, will not for that reason, be reversed. *Horton* v. *Critchfield*, 18 Ill. R. 135 ; *Pendegrast* v. *City of Peru*, 20 Ill. R. 52. We perceive no error in this record requiring its reversal, and it must be affirmed.

*Judgment affirmed.*